CHARLES JULIAN, dba BOOK BAR, and MINI MOVIES, INC., dba FUN CITY, Appellants, v. CITY OF LAS VEGAS, NEVADA, a Municipal Corporation, Respondent.

No. 6592

February 15, 1972                    493 P.2d 1037

[Rehearing denied March 15, 1972]

*Harry E. Claiborne,* of Las Vegas, for Appellants.

*Earl P. Gripentrog,* City Attorney, and *Joan D. Buckley,* Deputy City Attorney, Las Vegas, for Respondent.

# OPINION

By the Court, THOMPSON, J.:

This appeal is from a final judgment enjoining the sale and distribution of certain mini-movie films, books and pamphlets found by the district court to be hard core pornography and subject to suppression under NRS 201.250(4). We have concluded that the judgment must be set aside since the items were unconstitutionally seized in advance of an adversary hearing on the issue of obscenity. Glass v. Eighth Judicial District Court, 87 Nev. 321, 486 P.2d 1180 (1971).[1]

Fun City and Book Bar are businesses licensed by the City of Las Vegas. Each possessed several mini-movie machines and films therefor which one could view by depositing 25 cents for each two-minute segment of the film seen. The Book Bar also had books and pamphlets for sale.

On separate occasions a Las Vegas police officer entered each establishment, viewed the films, and when in the Book Bar also looked at a pamphlet. He did not purchase the pamphlet or any others available for purchase. Search warrants were thereafter issued ex parte by a magistrate on the basis of affidavits prepared by the officer who had viewed the films and the pamphlet. The warrants were served, the films seized at each establishment, and eleven pamphlets from the Book Bar as well.[2]

In Glass v. Eighth Judicial District Court, supra, we held that appropriate deference to the First Amendment protection

---

[1] Glass, supra, was decided after the district court ruling, and while the instant matter was pending appeal.

[2] Of the 12 films seized at Fun City, only two were later received in evidence. The record does not tell us whether the 10 films not received in evidence were lost, considered not to be obscene, returned to the proprietor, or what. The eleven pamphlets which were received in evidence (some were duplicates) were not purchased by the officer, and it is clear that almost all of them were not viewed by him prior to seizure. These circumstances point up the wisdom and need for a judicial adversary hearing on the issue of obscenity prior to seizure.

of free speech requires that a hearing "designed to focus searchingly on the issue of obscenity" occur prior to seizure of the items believed to be obscene. Compliance with the proscriptions of the Fourth Amendment is not sufficient. Glass involved the criminal portions of our obscenity law. The instant matter was a civil injunction proceeding. This difference between the two cases is irrelevant to the prior adversary hearing requirement. Proper respect to First Amendment protections must be given in either instance. Indeed, NRS 201.250(4) under which the present action for injunction was instituted, itself contemplates an adversary hearing prior to seizure. A part of that statute provides that "if a final order or judgment of injunction is entered . . . such final order or judgment shall contain a provision directing . . . surrender to the sheriff . . . and of the matter described . . . and such sheriff shall be directed to seize and destroy such obscene prints and articles." It is apparent that seizure and destruction may only be ordered after an adversary hearing and judicial determination of obscenity.

The unconstitutional seizure in advance of an adversary hearing on the issue of obscenity is dispositive of this appeal. Accordingly, other issues presented will not be considered.

Reversed.

ZENOFF, C. J., and GUNDERSON, J., concur.

BATJER, J., concurring:

I agree that the judgment of the trial court must be set aside, not because of the holding of this court in Glass v. Eighth Judicial District Court, 87 Nev. 321, 486 P.2d 1180 (1971), but because the alleged obscene material was seized at the outset pursuant to a search warrant issued ex parte by a magistrate on the basis of affidavits prepared by the police officer who viewed the material. Such a procedure is not authorized under NRS 201.250(4), NRCP 65 or NRCP 45. There is no provision under NRS 201.250(4) for the seizure of allegedly obscene material until after the hearing as provided for in NRS 201.250(4) and a finding that the material is obscene. See City of Phoenix v. Fine, 420 P.2d 26 (Ariz. 1966).

If the respondent had adhered to the clearly defined procedures found in NRS 201.250 and NRCP 65, had taken advantage of the opportunity to take depositions and make discoveries under NRCP 26 to 37, inclusive, and had enlisted the aid of NRCP 45, I am convinced that all the pitfalls encountered in this case would have been avoided. If in the future,

law enforcement officers and city or district attorneys carefully follow the procedures set out in the statute and rules above mentioned, I believe they will be successful in maintaining any action they might bring to enjoin the further publication or sale of obscene material.

MOWBRAY, J., dissenting:

I dissent.

My views on the requirement of a prior adversary hearing in processing these obscenity cases have been set forth in Glass v. Eighth Judicial District Court, 87 Nev. 321, 486 P.2d 1180 (1971), and it would serve no purpose to reiterate them in this case. I would only add in this dissent that, after Glass was decided on July 2, 1971, the United States Court of Appeals for the District of Columbia on October 7, 1971, joined those jurisdictions that have refused to hold unconstitutional a seizure of obscene materials under a search warrant without a prior adversary hearing. See Huffman v. United States, 10 CrL 2076 (D.C.Cir. Oct. 7, 1971).